[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY DATED JUNE 25, 1991
The court reviewed the financial affidavits of the parties and listened to their sworn testimony. The court has considered all of the statutory criteria including all of the criteria set forth in 46b-86 in ruling on this modification. This modification is brought claiming a substantial change in circumstances of the parties and, as a further ground, that the child support order is not consistent with the child support guidelines.
This motion was served pursuant to statute on the defendant, Normand Mercier, on July 6, 1991, and therefore, all orders are retroactive to that date.
The court has considered, in addition to all of the statutory criteria and the child support guidelines, the division of real and personal property between the parties set forth in the final decree and the benefits accruing to the child as the result of such division. Said decree of dissolution was entered on October 24, 1984.
The parties do not dispute that the guideline amount to be paid by the noncustodial parent is $219.76 if the guidelines are to be followed. The claim of the defendant father is that the statutory criteria should allow a deviation from this number.
The court notes that the defendant's income and assets have increased substantially since the dissolution, and the plaintiff's assets have decreased substantially. At best she has a $40,000.00 contingent asset, being a debt owed to her by her ex-first husband.
The court finds no reason to deviate from the child support guidelines considering all of the above factors. The child support shall be increased to $219.76 per week. All CT Page 7960 other orders of the court are to remain in full force and effect.
Edward R. Karazin, Jr., Judge